IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:24CR00057 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| EH TA NI SAY, | ) | <u>UNITED STATES OF AMERICA'S</u> |
| | ) | <u>SENTENCING MEMORANDUM</u> |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Now comes the United States of America, by and through its counsel, Carol Skutnik, Acting United States Attorney, and Joseph P. Dangelo, Assistant United States Attorney, and respectfully submits the following memorandum setting forth the United States of America's position regarding the sentencing for Defendant Eh Ta Ni Say.  The United States advocates for a sentence of 18 months in the Federal Bureau of Prisons.

I.     **FACTUAL BACKGROUND**

The United States believes that the facts underlying this matter are set forth adequately in the plea agreement and in the final Presentence Investigation Report ("PSR").  The United States highlights the facts below as especially relevant to sentencing in this matter.

In October of 2022, the Bureau of Alcohol, Tobacco, and Firearms opened an

1

investigation into the Defendant for Engaging in the Business of Selling Firearms and Making a False Statements in the Acquisition of Firearms. (Doc. 25: PSR, PageID 131).

The investigation revealed that the Defendant had purchased approximately 27 firearms from five federally licensed firearms dealers in Ohio and then sold the firearms to individuals in Ohio and New York. (*Id*., PageID 132). Many of the firearms were found in the possession of known gang members. (*Id*.).

On May 23, 2023, a search warrant was executed at the Defendant's residence where empty pistol boxes, methamphetamine, and drug paraphernalia were located. (*Id*.).

The Defendant admitted to investigators that he was purchasing and re-selling firearms for profit. (*Id*.). The Defendant also admitted to selling a firearms to a 16 year old male in New York.

## II.     PROCEDURAL BACKGROUND

On February 2, 2024, a federal grand jury in the Northern District of Ohio returned a 28 count indictment against the Defendant. (Id., Page ID 131). The indictment charged the Defendant with unlawfully selling firearms and making false statements during the purchase of firearms. (*Id.*).

On April 15, 2025, the Defendant pled guilty to Counts 1-2, 5-6, 8, 15-16, 21, 23, and 26 and the remaining counts will be dismissed at sentencing. (*Id*.).

## III.    OFFENSE LEVEL COMPUTATION AND ARGUMENT

As part of the plea agreement, the parties agreed that the base level offense is 12 pursuant to U.S.S.G. § 2K2.1(a)(7). (*Id*., Page ID 131). In addition, the parties also agreed that a six point enhancement should be applied pursuant to U.S.S.G. § 2K2.1(b)(1)(c) as there were 27 firearms purchased. (*Id*.).

After acceptance of responsibility deductions, the total offense level is 15. (*Id*.).

The Defendant's criminal history category has been calculated in the PSR to be a category I. (*Id.*, PageID 134). Based on the offense level of 15 and a criminal history category of I, the guideline imprisonment range is 18 to 24 months. (*Id.*, PageID 138).

After having calculated the applicable guideline range the Court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, to wit:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant:
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a). In determining what sentence to impose, the Court is directed to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed [to achieve the purposes of sentencing, cited above];
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [by the law and the applicable U.S.S.C. Guidelines Manual];
>
> (5) any pertinent policy statement [issued by the U.S.S.C.];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*Id.*

In light of the aforementioned § 3553(a) factors as well as all of the information before this Court, the United States recommends that the Court impose a sentence of 18 months in Bureau of Prisons.

The United States recognizes that the Defendant has a limited criminal history. However, the Defendant admits to purchasing the firearms to resell for profit. Many of the firearms he sold were later acquired by members of gang and used in violent offenses. (*Id.*, PageID 132).

As a "straw purchaser," the Defendant is immensely contributing to violent gun crimes that are plaguing our communities. After offenses of violence involving firearms are committed, the question is often asked, "why are there so many guns on the streets?"

The answer to that question is evidenced in the actions of the Defendant. The Defendant acted as a supply chain to the criminals who are terrorizing our communities with firearms. Those who cannot legally possess a firearm or would like to possess a firearm that cannot be traced need people like the Defendant to assist them in committing their crimes.

Gun violence is wrecking havoc in our society and a message needs to be sent to those who supply those weapons that their actions will be met with severe consequences.

In light of the foregoing, as well as the information in the detailed PSR, the United States recommends that a sentence of 18 months is sufficient but not greater than necessary to achieve the purposes of sentencing.

                                                        **Respectfully submitted,**

                                                        **CAROL M. SKUTNIK**
                                                        **Acting United States Attorney**

:                            /s/ Joseph P. Dangelo
                                           **JOSEPH P. DANGELO (#0079898)**
                                             Assistant United States Attorney
                                             Northern District of Ohio, Akron Branch
                                             Seiberling Federal Courthouse
                                             Two South Main Street, Suite 208
                                             Akron, OH 44308
                                             (216) 905-0653
                                             (330) 375-5492 (facsimile)
                                             Joseph.Dangelo@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                         /s/ Joseph P. Dangelo
                                                      **JOSEPH P. DANGELO (#0079898)**
                                                      Assistant U.S. Attorney